UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORY BRADLEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v.           ) | No. 4:12CV883 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon movant's third motion to vacate his criminal sentence.[1] Having carefully reviewed movant's motion, the Court concludes that the instant action, like movant's prior actions attacking his sentence, is time-barred under 28 U.S.C. § 2255(1).

## Background

On March 15, 2006, a jury convicted petitioner of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced on June 16, 2006, to 94 months' imprisonment and 2 years of supervised release.

---

[1] Although movant filed the motion as a petition under 28 U.S.C. § 2241, because movant is challenging the constitutionality of his conviction and sentence, he may not proceed under 28 U.S.C. § 2241. As such, the Court will construe the present action as one brought pursuant to 28 U.S.C. § 2255.

The United States Court of Appeals for the Eighth Circuit affirmed the judgment on January 11, 2007, and the mandate issued on February 20, 2007.

On February 6, 2012, movant filed a petition pursuant to 28 U.S.C. § 2241 which this Court construed as a motion to vacate under 28 U.S.C. § 2255. *See Bradley v. United States*, No. 4:12CV245 SNLJ. The Court dismissed movant's petition as time-barred, given that it was filed more than one year after his conviction and sentence. On March 21, 2012, movant filed a second motion to vacate, pursuant to 28 U.S.C. § 2255. *See Bradley v. United States*, No. 4:12CV556 HEA. The Court again dismissed movant's action as time-barred.

In the instant petition, filed on a § 2241 form, movant seeks relief from his conviction and sentence on the grounds of insufficient evidence, ineffective assistance of counsel, and improper application of the Sentencing Guidelines. In addition, movant claims that there has been a change of law and that there is a "retroactivity of sentencing guidelines newly imposed Nov. 1, 2011."

## Discussion

Because movant's petition is attacking his conviction and sentence, the instant petition must be construed as one brought under 28 U.S.C. § 2255. The United States Court of Appeals for the Eighth Circuit has held that a writ of habeas corpus may issue under § 2241 only if it appears that the remedy under §

2

2255 is inadequate or ineffective. It matters not that movant's request for § 2255 relief has been denied previously, as a § 2255 motion is not inadequate merely because § 2255 relief has already been denied. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). Movant simply cannot be afforded the relief he seeks under § 2241 which has very limited means for this Court's jurisdiction.

Moreover, as this Court has stated previously, a review of the instant motion and the entire record before the Court indicates that movant's motion is time-barred under 28 U.S.C. § 2255(1) and subject to summary dismissal. Movant's conviction became final in 2007, but he did not file this action until May of 2012. Section 2255 provides a one-year limitation period for the filing of motions to vacate. Movant's petition was filed more than four years past this period, thus, this action must be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to respondent, because the instant 28 U.S.C. § 2255 motion is time-barred.

**IT IS FURTHER ORDERED** that movant's petition, construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, is **DENIED**.

**IT IS FURTHER ORDERED** that movant's motion to proceed in forma pauperis is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that movant is **DENIED** a certificate of appealability if he appeals this Order of Dismissal.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 30th day of May, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE